UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION


DONNA FLOYD-GIMON                                                              PLAINTIFFS


v.                                        No. 4:10-CV-0655 JMM


UNIVERSITY of ARKANSAS for MEDICAL SCIENCES by                  DEFENDANTS
and through THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS; JOHN ED ANTHONY, CARL JOHNSON,
JANE ROGERS, SAM HILBURN, MIKE AKIN, JIM von GREMP,
JOHN TYSON, BEN HYNEMAN, DAVID PRIOR, and MARK
WALDRIP in their official capacity as members of the Board of Trustees
of the University of Arkansas; MARY HELEN FOREST,
in her personal capacity; CHARLES WHITE, in his personal capacity;
R.T. FENDLEY, in his personal capacity; AND
RICHARD PIERSON, in his official and personal capacity


**<u>AGREED PROTECTIVE ORDER</u>**

        The parties have requested discovery of records containing confidential and sensitive

personnel or medical information.  In response to discovery requests and upon application to this

Court and entry of this Order, the parties have agreed to provide documents for proper use only

in this litigation and subject to the affected patients and employees' (whether past or present)

privacy rights not being violated or infringed.  In order to permit the parties adequate access to

the records necessary to completely present their respective positions herein, and, at the same

time to protect the personal privacy of the Plaintiff, Defendants and UAMS patients and

employees, on the parties' Joint Motion for a Protective Order (D.E.#8), it is hereby ORDERED,

ADJUDGED and DECREED as follows:

        1.        The parties agree to produce copies of personnel files, excluding medical records,

social security numbers, birth dates and private contact information, and UAMS patient medical records which formed the basis of the decision to terminate Plaintiff's employment with UAMS and/or relate to the claims or defenses asserted by the parties in this action pursuant to the Federal Rules of Civil Procedure;

2.      All such medical records and confidential information previously provided by the parties which relate to the above referenced matter or later provided upon entry of this order shall be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever.  Moreover, the parties, their attorneys, or anyone acting on their behalf may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action;

4.      Medical records and any other confidential records, documents, tapes, or other information provided hereunder may be disclosed to either party, their attorneys, jurors, the staff of her attorneys, experts retained for this case, the Court and its staff, and witnesses, but only as is necessary and for proper purpose directly related to the trial of this action.  They shall all be informed of this protective order and required to agree to abide by it to see the information.  The parties and their attorneys shall not transfer or communicate any of the medical records, confidential information, documentation, or records produced pursuant to this Order, directly or indirectly, to any person except for a necessary and proper purpose directly related to *discovery, litigation, or* trial of this action.  Counsel for either party may provide copies of such confidential records, documents, or other information to any expert witness[es] retained by either party or persons frequently employed by such expert[s] whose review of the material is necessary and proper for the Plaintiff's prosecution or the Defendants' defense in this litigation;

5.      If medical records or confidential documents or records are used during depositions, the portions of the depositions containing the confidential information shall be treated as confidential in accordance with this Order;

6.      All medical records, as well as any other documents, information or deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked as confidential, sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel;

7.      Both parties, their respective counsel, the retained expert witness/witnesses, or anyone acting on their behalf shall not in any manner, directly or indirectly, transfer medical records, confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

8.      Upon termination of this lawsuit by judgment, by settlement, or by other means, and at the option of the producer of such material, the parties agree to: (a) return all medical records and confidential materials, including copies thereof to the producer; or (b) destroy all such materials and copies thereof, after which the party will certify to all other parties in writing that all confidential documents have been destroyed; or (c) maintain all confidential documents in conformity with the Order and the agreements embodied herein.   If any party ceases involvement in this action, by settlement or otherwise, such party shall comply with the terms of this paragraph within a reasonable time.

9.      This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

10.    The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court; and

11.    This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED THIS 25th day of January,  2011.


_____
UNITED STATES DISTRICT COURT JUDGE

Approved as to form:

**ATTORNEYS FOR DEFENDANTS**

/s/ Matthew McCoy
Associate General Counsel
University of Arkansas System
2404 North University Avenue
Little Rock, AR 72207-3608
Phone: 501-686-2513
Fax: 501-686-2517
E-mail: mbmccoy@uasys.edu

/s/ Mark Hagemeier
Associate General Counsel
University of Arkansas for Medical Sciences
4301 W. Markham Street, #860
Little Rock, Arkansas 72205
Phone: 501-686-7608
Fax: 501-686-7736
E-mail: mhagemeier@uams.edu

**ATTORNEYS FOR PLAINTIFF**

/s/ Luther Oneal Sutter
Attorney for Plaintiff
Harrill & Sutter, P.L.L.C.
P.O. Box 2012
Benton, AR  72018
Telephone: (501) 315-1910
Fax: 501-315-1910
E-mail: luthersutter@yahoo.com

/s/ Abraham Bogoslavsky
111 Center Street, Suite 1200
Little Rock, AR  72201
Telephone: 501-244-0722
Fax: 501-244-0742 (fax)
E-mail: abe@bogolaw.com